## IN THE MATTER OF TEMROWSKI

Docket No. 62784. Decided June 30, 1980. *On application by the parties for leave to appeal the Supreme Court, in lieu of granting leave to appeal, affirmed the order of the Attorney Discipline Board. Rehearing denied post, 1102.*

LeeRoy Temrowski was reprimanded by the Attorney Discipline Board for entering into an improper business relation with a client. The respondent made an oral contract to purchase an automobile from a client whom he represented in an action for divorce. He took possession of the automobile, made payments on a loan secured by it, paid for the insurance on it, and drove it extensively. However, when the client and her husband reconciled and demanded the return of the automobile, Temrowski claimed that he was asserting an attorney's lien on it for his fee in the divorce and the expenses he had incurred in connection with the car. The Grievance Administrator and Temrowski apply for leave to appeal. In a per curiam opinion, with Justices Kavanagh and Levin dissenting, the Supreme Court *held:*

The focus of the hearing panel's opinion was on the differences which occurred after Temrowski asserted a lien on the automobile. At the outset he realized that his client's husband had made a claim on the car before the respondent took possession of it. The unexpected reconciliation of the client and her husband placed Temrowski in a position of conflict—trying to assert a lien on property which he also said he owned. Although the hearing panel found no misconduct in his refusal to return the car without payment because there was a claim of a lien, that is not determinative of the charge concerning improper business relations with a client. Temrowski's arguments do not rebut the finding of the latter misconduct. The hearing panel accurately treated the transaction and adequately disciplined him.

Affirmed.

Justice Levin, joined by Justice Kavanagh, would reverse the order of discipline on the ground that the evidence does not show a violation of the Disciplinary Rule. Temrowski did not enter into a business transaction with a client whose interests

differed from his. At the time he agreed to purchase the car, he believed he was furthering the interests of a client experiencing financial difficulties by relieving her of the burden of making payments on it, and made sure that the client had an equity in the car to sell. He had no reason to expect that the purchase might compromise his ability to exercise his professional judgment solely for the protection of the client or might place his interests in opposition to hers. The Disciplinary Rule does not authorize disciplining an attorney for entering into a business transaction with a client should unexpected developments thereafter place the attorney and the client in the position of having differing interests. The rule is not fashioned to punish lack of foresight. It may be that a prudent attorney should not enter into transactions with clients where there are any uncertainties that may eventuate in disharmony, or should avoid such dealings altogether, but the Disciplinary Rule does not so require.

*Louis Rosenzweig,* Counsel to Grievance Administrator.

*C. Michael Kimber* for respondent.

PER CURIAM. Both respondent LeeRoy Temrowski and the Grievance Administrator have applied to this Court under GCR 1963, 971, for leave to appeal a disciplinary order of the Attorney Discipline Board entered on January 29, 1979. Issues concerning the reason for discipline (improper business relations with a client) and unproved allegations of misconduct are raised. We affirm.

After an investigation, Temrowski was charged with violating four[1] Disciplinary Rules of the Code

---

[1] The Disciplinary Rules alleged to have been violated were:
"DR 1-102. Misconduct.
"(A) A lawyer shall not:
"(1) Violate a Disciplinary Rule.

*       *       *

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
"(5) Engage in conduct that is prejudicial to the administration of justice.

of Professional Responsibility and with violating
four subsections[2] of § 15 of the Rules Concerning

"(6) Engage in any other conduct that adversely reflects on his
fitness to practice law."

"DR 2-106. Fees for Legal Services.

"(A) A lawyer shall not enter into an agreement for, charge, or
collect an illegal or clearly excessive fee.

"(B) A fee is clearly excessive when, after a review of the facts, a
lawyer of ordinary prudence would be left with a definite and firm
conviction that the fee is in excess of a reasonable fee. Factors to be
considered as guides in determining the reasonableness of a fee
include the following:

"(1) The time and labor required, the novelty and difficulty of the
questions involved, and the skill requisite to perform the legal service
properly.

"(2) The likelihood, if apparent to the client, that the acceptance of
the particular employment will preclude other employment by the
lawyer.

"(3) The fee customarily charged in the locality for similar legal
services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circum-
stances.

"(6) The nature and length of the professional relationship with the
client.

"(7) The experience, reputation, and ability of the lawyer or lawyers
performing the services.

"(8) Whether the fee is fixed or contingent."

"DR 5-104. Limiting Business Relations with a Client.

"(A) A lawyer shall not enter into a business transaction with a
client if they have differing interests therein and if the client expects
the lawyer to exercise his professional judgment therein for the
protection of the client, unless the client has consented after full
disclosure."

"DR 9-102. Preserving Identity of Funds and Property of a Client.

\*   \*   \*

"(B) A lawyer shall:

\*   \*   \*

"(4) Promptly pay or deliver to the client as requested by a client
the funds, securities, or other properties in the possession of the
lawyer which the client is entitled to receive."

[2] This portion of Rule 15 (which has since been repealed) is in-
volved:

"Sec. 2. Grounds for Discipline in General. The following acts or
omissions by a member of the bar of this State, individually or in
concert with any other person or persons, shall constitute misconduct
and shall be grounds for discipline whether or not the act or omission
occurred in the course of an attorney-client relationship.

"(1) Conduct prejudicial to the proper administration of justice;

the State Bar of Michigan. A hearing panel found a violation of one of the Disciplinary Rules, DR 5-104(A), on this basis:

"It is apparent that respondent expanded the original attorney-client relationship with Carolyn J. Sacco [representation in an action for divorce] by subsequently entering into a business relationship for the oral purchase of the Ford LTD automobile. The relationship was further complicated when respondent took possession of the automobile, which was titled in a third party and made insurance and credit union payments, and extensively drove said automobile.

"When the unanticipated reconciliation occurred and Mr. and Mrs. Sacco demanded return of the automobile, respondent was placed in a position of conflicting and differing interests with his own client. Thereafter, his professional judgment was exercised for his own personal interests and he became an advocate against his client (the extent of these conflicting interests becomes manifest when one considers the contention of respondent that he has an 'attorney lien' on the vehicle for services rendered to Carolyn J. Sacco, when in fact the attorney claims ownership of said vehicle).

"In arriving at this finding of misconduct, the panel specifically notes that respondent was representing a difficult client in a difficult domestic and criminal situation. Even the client's own sister appeared at the grievance hearing and offered damaging rebuttal testimony. Furthermore, respondent and his counsel were fully cooperative with the State Bar and panel. Nonetheless, the admonition and wisdom contained in Canon DR 5-104(A), limiting business relations with a client, cannot be overlooked."

---

"(2) Conduct that exposes the legal profession or the courts to obloquy, contempt, censure or reproach;

"(3) Conduct that is contrary to justice, ethics, honesty or good morals;

"(4) Conduct that violates the standards or rules of ethics or professional responsibility adopted from time to time by the Supreme Court of this State; * * *."

The discipline for this misconduct was a reprimand and the payment of the State Bar's costs in the case. Both sides petitioned for a review, and the Attorney Discipline Board affirmed without rendering a detailed opinion.

In seeking leave, Temrowski reasserts his arguments on the meaning of the evidence. He would have us interpret the situation this way: that he and his client, in good faith, entered into the business transaction—the sale of her car to him—and when the original agreement was made, he and his client did not have differing interests. Later, when his client sought to rescind the sale agreement, Temrowski believed he was justified in refusing to return the car until his legal fee and expenses he had paid in connection with the car were paid to him.

The focus of the hearing panel's opinion instead was on the differences which occurred later. Appellant at the outset realized that his client's husband had made a claim to the car prior to appellant's taking possession of it, and the later unexpected reconciliation placed appellant in a position of conflict—trying to assert a lien on property which he also said he owned. Although the hearing panel found no misconduct under DR 9-102(B)(4) on the basis that there was a claim of a lien, the assertion by appellant that the panel's finding of no misconduct because of a claim of a lien is not determinative of the DR 5-104(A) violation.

Appellant's remaining arguments are not direct rebuttals of the finding of DR 5-104(A) misconduct. Also, reliance by appellant on *Kysor Industrial Corp v D M Liquidating Co,* 11 Mich App 438; 161 NW2d 452 (1968), is indicative that the hearing panel did not err, since the attorney's lien was

described in that case as being "commensurate with the right which the client delivering the property has in it". *Kysor,* p 444.

The Grievance Administrator's application also is concerned with the car transaction, the assertion of the attorney's lien, and the use of the car. We believe the hearing panel accurately treated the transaction and adequately disciplined Mr. Temrowski.

Therefore, pursuant to GCR 1963, 853.2(4), in lieu of granting or denying leave to appeal, we affirm the findings and discipline of the administrative tribunals. No costs, since both parties sought leave to appeal but our affirmance does not change the outcome in favor of either.

COLEMAN, C.J., and WILLIAMS, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

LEVIN, J. We would reverse the order of discipline on the ground that the Attorney Discipline Board erred in adopting the hearing panel's finding of a violation of Disciplinary Rule DR 5-104(A), which states:

"A lawyer shall not *enter into* a business transaction with a client *if* they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure." (Emphasis supplied.)

Temrowski represented a woman, whom he had previously represented in other matters, in her divorce action against her husband. The client had in her possession an automobile allegedly purchased with her funds and titled in her husband's name. He had obtained a $3,000 loan from a credit

union by using the automobile as security. She told Temrowski that she was having financial problems and might be unable to make the credit union payments on the automobile. Temrowski encouraged her to explore the possibility of selling the automobile to a friend or relative.

The client made inquiries but could find no one to buy the automobile titled in her husband's name. Temrowski told the client that he would purchase the automobile as a last resort, but before agreeing to the purchase he required her to furnish documents to satisfy him that the purchase of the automobile had been financed entirely with her separate funds so that she could claim an equitable interest in it. The client provided documents that satisfied Temrowski. He anticipated that the vehicle would be awarded to his client when the pending divorce proceedings culminated in judgment. Temrowski took possession of the vehicle in December, 1976 and made credit union and car insurance payments.

Temrowski's client and her husband reconciled in February, 1977. She then demanded return of the automobile. Temrowski replied that he was willing to rescind the prior oral purchase agreement but indicated that he would assert an attorney's lien and retain the vehicle until outstanding legal fees were satisfied. Pursuant to the client's instructions, Temrowski ceased making credit union and insurance payments, and the automobile was eventually repossessed by the credit union which then transferred it to the client and her husband.

The evidence does not show a violation of DR 5-104(A). Temrowski did not enter into a business transaction with a client whose interest differed from his. At the time he agreed to purchase the

automobile, he believed that he was furthering the interests of a client experiencing financial difficulties by relieving her of a burden. Although the vehicle was titled in the name of the client's then estranged husband, Temrowski took pains to verify that the client had an equity to sell before agreeing to the purchase.

Temrowski had no reason to expect that his purchase of the automobile from his client might compromise his ability to exercise his professional judgment solely for the protection of the client or might place his interests in opposition to hers. There was no reason to anticipate a reconciliation; the client had initiated criminal charges against her husband arising out of alleged criminal sexual conduct involving her children by a previous marriage.

The Attorney Discipline Board focused on the differences which occurred *after* the client requested return of the automobile. DR 5-104(A) does not, however, authorize disciplining an attorney for entering into a business transaction with a client should unexpected developments thereafter place the attorney and the client in the position of having differing interests. The construction of the rule which the board adopted establishes a broader prohibition against dealing with clients than can fairly be gleaned from the face of the rule or any precedent brought to our attention by the Grievance Administrator.

DR 5-104(A) does not prohibit an attorney from "expanding" or "complicating" an attorney-client relationship by entering into a business transaction with a client. The rule does not prohibit an attorney from making a simple purchase agreement with a client which may, in light of subsequent events, prove to be embarrassing. The rule is not fashioned to punish lack of foresight.

The client testified that it was agreed only that Temrowski "would hold the car until I knew what I was going to do with it". The board specifically rejected this testimony and accepted Temrowski's account that an oral purchase agreement had been made.

Although the board noted the inconsistency between Temrowski's claims of ownership and of attorney's lien, it concluded that other claims of misconduct had not been established and that Temrowski had asserted an attorney's lien "in good faith under a color of right".

It may be that a prudent attorney should not enter into transactions with clients where there are any uncertainties that may eventuate in disharmony, or should avoid such dealings altogether. DR 5-104(A) does not so require.

We are satisfied that Temrowski acted in good faith and in accordance with standards of professional conduct both before and after the client requested return of the vehicle.

We would reverse the order of discipline.

KAVANAGH, J., concurred with LEVIN, J.